Very good. Mr. Robles is represented by Professor and Attorney Sanchez and his team. Yes, and I'm just here to introduce them under the student... From Mr. Harrison, a law student, and another, at least one other student is here. Yes, Libby... Thank you very much. Libby Parker is here on the team. She will not be arguing. It will just be Caleb Harrison, and I thank you. Very good. Thank you. Professor Sanchez, we appreciate your running and important student effort, and encouraging us to come to you with situations like this where counseling is needed. And here it was, I think, New York Council initially. That was impractical, and you stepped up and your students, I'm sure, learn from the experience while they're helping us. May it please the Court, Caleb Harrison for Petitioner. Remand is required in this case because the Board abused its discretion. True, the agency does not have to write an exegesis, but this is the rare case where it's evident in four interrelated ways that the Board nearly reacted and did not... Out of deference for my age, would you pull the mic a little bit closer to... Is this better? I think so. Okay. It's clear in four interrelated ways that the Board merely reacted and denied the motion to reopen, and did not hear and consider the motion's substance arguments, and I'll highlight those four ways for you. First, parroting the Department's response below, the Board misrepresents the motion as turning on irrelevant statutory exceptions, never mentioning the basis of the motion of equitable tolling. Second, the Board says no prima facie case, but it has never been disputed that all elements of statutory eligibility for relief have been met. The agency could not have rationally decided this case with that fundamental misunderstanding in mind. Third, the 239-word decision says nothing specific about any motion argument or evidence, not even about a rare formal court finding from the Court of Conviction regarding Mr. Arusha's rehabilitation that goes directly to the Board's core reason for denial below. Any of this should require remand, especially in combination. But we also have the fourth point. The Board did not identifiably decide, let alone discuss, Mr. Arusha's separate motion to submit a reply brief. Because the Board merely reacted and did not hear and consider the substance arguments, the Board committed legal error, abused its discretion, and remand is required. And I can elaborate on these four points, beginning with equitable tolling. First, you have to help me with what I find to be a hole in the briefs all around. And that is the question whether there is any case for Board authority that equitable tolling, as it would apply to an initial motion to reopen, also applies with equal force, if you will, to a successor. In other words, whether it is an unwritten exception to the time and number, 103.2c2. Yes. So the way to think of equitable tolling is the way that we think. I want to know if there's a case that's ever addressed that. I'm not aware of it. I'm not aware of a case in the Eighth Circuit that has addressed whether equitable tolling applies to the number exception. Is that what you're getting at? I'm not aware of that. Not anywhere. There is a case, I believe, in the Second Circuit, INS v. Zhao, that refers, that permits equitable tolling in the case of number exceptions. I have the cite for that that I can provide in rebuttal. I don't have it in front of me. That should have been in the brief, frankly. I mean, that's essential here. Because motions to reopen A are disfavored, so successive motions to reopen are even more disfavored. And so to bring equitable tolling in as an unwritten exception, a judicial exception to a carefully limited regulation, that's a huge step. So give me that. Have you got that cite? I'll get that cite for you in rebuttal. I have it below. And just to be clear, I want to make our position clear. Our position is not that that is an exception, that equitable tolling when applied to a number is not an exception. Our position is that it's treated the same as it is for a time in the case of tolling. What it does is it treats the motion. It's always an exception. It's a judicially created exception. Our position is that it's not, Your Honor. If you look at a statutory or if you look at a statute of limitations case that's equitably tolled, we don't see the filing in that case as being accepted from the timeline. We see it as being timely filed. The statute of limitations references tolling. The judiciary applies it. Well, when we look to the statute for the motion to reopen and we see the exceptions that Congress sets out, we have statutorily defined exceptions. And you would argue that you fall into one of those exceptions. When you're tolling, you're not arguing that one of those exceptions apply. You're arguing that your filing should be included within the limits, whatever they might be. But the law, the immigration law is very clear that time and number limitations. I mean, the statute says you do it within 90 days. That's right. And the reg says you do it within 90 days. And then there is a very limited reference to when the time and number can be,  Accepted, yeah. It really talks about tolling, like the kind of tolling you want here. That's right. Tolling is a judicial creation. Yeah. Yeah. And what it does is it counts the filing not as being accepted. And so applying it to successive, I don't care whether it's habeas or 2255 or motions to reopen to the agency, dragging tolling into that world is a huge leap in my view. Okay. And then just to restate our position, we would not see it as a successive motion if tolling applies. We would see it as a, it would be within the number limit when tolling applies. Counsel, let me ask it a little different way. The 8 CFR 1003.2, and that's in C3, and it's the new 5, little Roman numeral 5 that came into effect on January 15, 2021. Do you think that what's called diligence in pursuing the motion to reopen is a recognition of what we're dealing with here or not? Do you even know what I'm referring to in the new reg? I'm not sure what you're referring to in the new reg, Your Honor, no. It says, of course, it's provided you can only file one motion. I get that. But it says for which a three-member board agrees that reopening is warranted, and then it says that the movement exercised diligence in pursuing the motion to reopen. Does that sound like equitable tolling or not? In terms of the equitable tolling that we see being involved in motions to reopen historically in this Court, at least diligence does speak to one of the two factors, extraordinary circumstances and diligence. I think it's important here that the board doesn't give us any analysis whatsoever on what it thinks of any of those circumstances. I'm back on this regulation. If you're not familiar with it, just tell me, because we need to talk about something that I'm reading that you're not familiar with. I don't have the language of that right in front of me. Okay, great. Let's proceed any further. Feel free to file a 28J if it is relevant to your case. Thank you, Your Honor. Sure. So, importantly, this isn't the only problem. This isn't the only legal error, the board's inability or, I'm sorry, the board's declination to address the equitable tolling argument. And it is important that they do do that because that's the core argument in Mr. Arusha's opening brief before the board, and it's also the core argument in the motion to reply, to submit a proffered reply, which the board also doesn't address at all or discuss in this decision, and in the reply brief itself. It's core and it's central to his argument. It's one that the government itself does not respond to in its response, doesn't mention or bring up or discuss, and we see that reflected in the board's decision, also neither mentioning or discussing the argument. We see the irrelevant time and number limits, exceptions not applying. That's legal error to take this motion on and to not address the core argument. And we see other errors that the board makes, distortions of arguments, for instance, in the second paragraph. So, again, this is successive. I mean, what case says that the board can't act more summarily when it's denying the second, third, or fourth, or fifth motion to reopen than it would need to be in denying the first motion to reopen? That's counterintuitive to me. Do you have case law on board or otherwise for that? Again, Your Honor, I'm not aware of a case with respect to numbers on the motion to reopen, so I don't have a case directly on that point. Agencies like district courts, everybody has, you know, it's game over at some point. And, of course, it's never game over to the losing litigant, and so the peppering with collateral and after the fact new ideas is constant. And at some point, we recognize that neither agencies nor district courts have to proceed with the same thoroughness as you would expect the first time around. And we would say to that, Your Honor, we do believe in general that the decision, nonetheless, must be lawful and proper. There's a big gap between an exegesis, an appropriate summary decision, and an unlawful and improper decision, and we think the board falls short of that. If you look at other circumstances where the board has remanded in the face of a motion to reopen with respect to equitable tolling, for instance, in Ortega-Marroquin, we have a circumstance where we don't get the board addressing a core argument, and that's enough to remand. If we look also at Vu, for instance, we had what was a close case of equitable tolling not being addressed clearly by the board. The big difference there that this court found was that the board mentions the words equitable tolling at least. I don't think the board would probably recognize equitable tolling in a time number controlled motion. The remand, if we remand for a discussion of equitable tolling, all they have to say is we don't think it applies. I guess I'm not sure. I'm not sure why that would be the case, and it seems like something that, at the very least, we would expect in a lawful and proper decision for the board to say. In this case, we don't get the sense that they were aware it was there, and you can see that throughout the decision. We also have the footnote in the first paragraph. So at the end, this is on AR3, page, I believe, 25 of the updated addendum. The respondent has now filed his second motion to reopen for further consideration of his cancellation of removal application. Footnote, we have considered both of the respondent's filings. One way to read that is that the second motion to reopen in both filings refers to a 2018 motion to reopen and this motion to reopen, and that would suggest that they didn't read, they didn't hear and consider the reply brief and the motion to submit the reply brief. That would give us a hint that perhaps they didn't know the argument was in there, and when you look at how the rest of the decision maps on to the department's response brief, that hint is just exemplified and made more profound. And I can see that I'm running into my rebuttal time, Your Honor, so if there are no further questions on this, I would finish. Thank you. May it please the Court. I'm Lindsay Marshall on behalf of the Attorney General. The Court should deny this petition, which seeks review of the Board's denial of a motion to reopen that is ultimately premised on an unreviewable discretionary determination. Mr. Arusha raises no colorable challenge, and in the event the Court finds jurisdiction, an abuse of discretion. I'd like to start by turning to equitable tolling. Would you start by saying, are you aware of any Board precedent or Court precedent as to whether equitable tolling applies in full force to successive motions to reopen? I'm not aware of any published decision. I believe there is an unpublished Fifth Circuit decision holding There's a what? that it does not apply to successive motions to reopen, but I don't have the citation for you. I would be happy to provide a 28-J. Yes, I'd appreciate that. In any event, equitable tolling doesn't save the day here for Mr. Arusha. The point of equitable tolling is to get the Petitioner, or the move-in, rather, over the time. Let me just pause. I also included the BIA. Do you know if the BIA has taken a position on this? I do not know. The only precedent I'm aware of is the one on published cases. Most cases just seem to assume that it applies to both. In any event, equitable tolling, the purpose of it is to get a movement over the time and potentially number a hurdle that would otherwise discount their petition right at the outset so that the Board can get to the merits. And the Board did get to the merits here. The merits of the case here are discretionary, and that provides a jurisdictional problem for Mr. Arusha. The Board can deny a motion to reopen on a number of grounds, including a determination that a movement is not entitled to a discretionary grant of relief, even if he meets the other requirements for a motion to reopen. And that's precisely what the Board did here. In its discretion, it decided that Mr. Arusha still did not merit cancellation of removal, even considering his most recent evidence. That's a discretionary determination over which the Court lacks jurisdiction. Well, Counsel, equitable tolling is different. We've said and the United States Supreme Court said, right, that we have jurisdiction over equitable tolling arguments. Yes. Over equitable tolling arguments, yes. Okay. Proceed. But the merits of this case really turns on whether Mr. Arusha demonstrated that he merits cancellation as an act of discretion. That is why the Board ultimately, even after — first, the Board did say it is time and number barred. But it still went on to review the merits of his motion to reopen anyway, without resting on that first dispositive ground. And it's that secondary finding that's discretionary and outside of the Court's jurisdiction. That this discretionary determination comes in a motion to reopen doesn't alter its outcome. To hold otherwise would create an end run around the statute by permitting indirect review of a question that is not directly reviewable. The Court has considered a similar question before in Vargas, although it didn't directly review it. On this multiple grounds, I mean to ask you, in your view, does our leaps-ahead analysis in Road List 1 apply, still apply here? In terms of — Is that what the Board at least implicitly did? The leaps-ahead analysis being where it determines that he wouldn't merit the relief and discretion. Even if all this came in, our answer would be the same. Our ultimate discretionary authority would be the same. I think so. I think that what the Board did here was say, okay, he submitted some new evidence, but even considering this new evidence, weighing the factors, he still isn't going to meet the mark. He still can't show that we're going to — that he merits discretion. And it's that weighing of the factors that makes this the kind of discretionary determination that this Court doesn't have jurisdiction to review. The Court considered this — a similar question in Vargas. There, the petitioner filed a motion to reopen the Board's denial of a cancellation application based on new evidence of hardship that arose from a new source. And the Court held that in that case, it could exert jurisdiction because this new and different hardship was not merely cumulative evidence prompting a reevaluation of the relief already sought. Rather, it provided a completely new basis for seeking cancellation of removal. But that's the opposite of what we have here. Mr. Arusha provides cumulative evidence prompting a reevaluation of the initial discretionary relief that he has already sought. Whether his efforts at rehabilitation outweigh the recency and seriousness of his criminal history is an issue that's already been litigated, including before this Court. His attempt to rehash the agency's discretionary decision is simply outside of the Court's jurisdiction. But even if it weren't, he still can't show that there's an abuse of discretion. He first points to the — his argument that the Board didn't reevaluate — or did not reevaluate whether he satisfied the elements of cancellation of removal. And he points to the part of the Board's decision where it references a case talking about prima facie eligibility. I think what the Court is trying to do here is point us back to the fact that to actually get cancellation of removal, he has to show that he would merit it as an act of discretion. That is part and parcel of the requirements. And they find, again, here for the third time, he simply can't do that. The second, Mr. Arusha argues that the Board failed to consider the evidence that he presented. He makes much of the fact that the Board didn't lay out the exact pieces of evidence that he submitted. But there are textual clues that show us that the Board did consider what he submitted. And the first is an explicit statement that it reviewed both of Mr. Arusha's filings. And Mr. Arusha did indeed make two filings in connection with his motion to reopen. Counsel, I think the plainer view of that is, though, they use filed as the verb before the footnote 1. And then they say both of the filings, and they say filed second. Wouldn't you lose on that if that decided the case? I'm not sure I quite understand. Okay. The sentence says the Respondent has now filed his second motion to reopen. And then the footnote says we've considered both of the filings. When you say second, that to me means both. And then it refers to the one before, which is the first motion to reopen. Get it? I see your point. But I don't think that's the best reading of what the Board is saying here. Okay. Tell me how it is. I don't think there's any reason for the Board to have considered that previous motion to reopen in the context of what we're dealing with here. Because that motion to reopen has already been decided, thoroughly litigated. Did it have supplemental evidence in it or with it? The first motion to reopen? Yes. Okay. Well, then that fits with supplemental evidence in the next paragraph. But I think the supplemental evidence they're referring here to here is the supplemental evidence that he provided in support of this motion to reopen. Well, Counsel, the footnote says we've considered both of the filings. I think the first one and the first one had evidence. I read this as saying that he responded or that they considered the two filings that he made in conjunction with this motion to reopen. And he indeed made two filings. He has his motion to reopen and his reply brief. I think it makes sense that the Board would consider both of those filings when trying to decide this motion to reopen. But I don't think it makes sense for them to have gone back to a decision, to a motion to reopen that has already been litigated and decided and doesn't really have bearing on the outcome of this motion to reopen in the same way his other filings do. And I think that there's a second textual clue that shows us that they were paying attention to this, the filings, both of the filings made in this case. And that's the Matter of Coelho citation. Matter of Coelho has to do with a similar case. It has to do with an applicant who was denied discretionary relief. And in his motion to reopen, he presented evidence of rehabilitation. I think by citing to that case, the Board is signaling that they know what's going on here, that they know that he is submitting additional evidence of his rehabilitation. And they're considering that when they're rendering their decision here. Given that the Board does appear to have considered the decision, both his filings and the evidence in them, I think these clues are enough to find that the Board considered the issues and announced its decision in terms that's sufficient to show that it heard and thought and not merely reacted. Indeed, in doing so, it was establishing, following established policy, which is exactly what this Court found in Arusha 1, that the Board looked at his evidence, still found that in weighing the factors, he did not merit an act of discretion and denied the case. We have the same thing here. Just as before, Mr. Arusha has once again moved to reopen, not based on any new claim, but on evidence, on merely stronger evidence that provides support of his initial discretionary claim. And as before, the Board's decision that this new evidence still did not tip the scales of favor, of discretion in his favor, was well within its authority and not an abuse of discretion. That sure sounds to me like the leaps ahead analysis in Voodoo by the Supreme Court, which was the basis of our first decision. In Arusha 1, yes. This is more of the same in terms of that analysis as well as a continuation of an already litigated issue. The government agrees. We think that Mr. Arusha ultimately is presenting the same claim all over again, just with different evidence. And that should lead to the same result. He also argues that the Board should have sua sponte reopened his case. But this, too, is not a claim that is within the Court's jurisdiction and, in fact, has been thoroughly foreclosed by a case that this Court decided just last year. So we believe that the Court should deny the petition on that basis as well. Counsel, let me ask you, does the, does the, let me get the date right, January 1521 version of 1003.2 in subsection 5, I think you know what I'm referring to, which sets out express, I would call them exceptions, to the time and numerical limitations. Does it shed any light on this case? Does it apply to this case? What's your position on it? You know what I'm referring to, first of all. It has diligence in pursuing the motion in a material change of circumstances, and then you can have more motions to reopen. Is the, I'm trying to decide what impact it would have on this case in terms of Well, is it an exception? Right, an exception in terms of, like, whether equitable tolling constitutes an exception or Oh, is it an exception to the time and numerical limitations? I honestly am not sure. Okay. But I'm Is it meant to be equitable tolling? I don't think so, because Sure sounds like it a lot, though, doesn't it? It does. Diligence and a material change of the facts or laws. It does. But I think what the, what the board is getting out there is, or the regulation is getting out there, is that just to file a motion to reopen, you have to meet a baseline of evidence. I don't think it's talking about an exception to the, to the otherwise stated time rules. However It's worded that way. It says the time and numerical shall not apply, and then I gave you the two circumstances. I, I still don't know. Okay. But I would be happy to provide No, that's okay. Yes. A 28-G or a supplemental briefing on that. I would appreciate it, and whether it has any effect on the case at all. Are there any further questions? In that case, I will sum up here. Mr. Arusha has again brought the same issue in the same way, and as before, the board, or excuse me, the court should deny the petition. Thank you. Mr. Harrington. Okay. So to, to begin, to your point, Judge Benton, we agree with the, the reading of the footnote. If the footnote is not meant to apply to the 2018 motion to reopen, then the whole rest of the decision just becomes even stranger. There's no mention of equitable tolling anywhere in this decision, but if the footnote is supposed to apply to both filings, and this filing and this 2019 motion to reopen, the motion to accept the reply and the reply brief are just screaming about equitable tolling throughout the entire brief. So to have no mention of it makes it really shocking. And the other thing What's your best argument, though, that the supplemental evidence refers to the supplemental evidence in the first motion? Well, our, our argument with respect to the supplemental evidence You know, I'm doing, quote, supplemental evidence, unquote. In the board decision. Yeah. I'm trying to help you on time. Go ahead. Yeah. Our, our argument there is that the board is just parroting the government's response, the government's text in the government's brief, characterizing the evidence as supplemental. Because the, the, it has always been the case that prima facie eligibility has been made, and nonetheless, the board mentions the lack of a prima facie case of eligibility. And the new evidence, again, included in the filings under dispute here, the reply and the motion to accept the reply, are about the toxic stress that the, that Mr. Arusha's U.S. citizen child will face upon removal. Extreme, exceptional, extremely unusual hardship that's already been determined So you think those two are not linked? The second, the first motion is not linked at all to the supplemental evidence, right? The discussion of the motions in the first paragraph? I mean, at the very least, we think that that language is just responding to the structure of the argument that the government gives. Go ahead. So that's, that's on that point. And, Judge Lookin, to your question, how could the board leap ahead if they said no prima facie evidence, we think that, that's exactly right. If they make no mention of the prima facie. No, I'm, I'm saying, you know, you know who, the three ways. Yes, Your Honor. And the first, the first Arusha said that's what they did. They, they went to the, they went to the leap ahead. They said even if, even if we went through all the procedural niceties that are being urged, result would be the same. And, and why isn't that what they did here? Two, two reasons, Your Honor. First, again, our concern is in this motion, with respect to this motion, is abusive discretion and the legal error of not hearing and considering the argument. In this case, in the leap ahead, it's required that they look at the motion filings and the arguments and the evidence submitted. It's not enough to, to say you're doing a leap ahead and then to make a determination without having read the motions. We have evidence throughout the decision that they haven't read the motions. And when we look, too, to their site of Qualo, I think that's, that's instructive when we compare what happened here with what happened in Qualo. In Qualo, we get the board describing, even just listing the evidence submitted, explaining the standard, and explaining why the evidence falls short of that standard. Here, we don't get any description of the evidence whatsoever. You could read this, this motion, as I believe Judge Benton is at least considering here, hypothesizing about. You could read this motion in light of the first motion. You could read this decision in light of the first motion and have no idea. And have no idea about the nature of the evidence submitted. And that's legal error to not consider that. I can see my time is up, so thank you. If there's no further questions. Very good, thank you. The case has been well-briefed and well-argued and we will take it under advisement. Again, we appreciate the presence and help of the student attorneys.